IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HUDSON INSURANCE COMPANY, a Delaware corporation,<br><br>       Plaintiff,<br><br> v.<br><br>REX EXPRESS, INC., an Illinois corporation, PINOY TRUCKING, INC., an Illinois corporation, MONTESA EXPRESS, INC., an Illinois corporation, TENNESSEE COMMERCIAL WAREHOUSE, INC., a Tennessee corporation, LEE GUNTER as the personal representative of the ESTATE of ANTHONY DUNN, REX MONTESA, NOLASCO MONTESA, TIMOTHY GRUVER, KARRI GRUVER, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>       Defendants. | No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Hudson Insurance Company ("Hudson"), by and through its attorneys, COLLEEN A. BEVERLY and CLAUSEN MILLER P.C., and for its Complaint for Declaratory Judgment against the above-captioned Defendants, states as follows:

**NATURE OF ACTION**

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201 et seq., in order to determine the rights and obligations of the parties under a Commercial Auto Coverage policy issued to Rex Express, Inc. ("Rex Express") with respect to an action filed by Defendants Timothy and Karri Gruver (the "Gruvers").

1

7698403.1

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is premised upon 28 U.S.C. §1391 as all of the Defendants are residents of this District.

## PARTIES

4. Plaintiff, Hudson, is a Delaware corporation, with its principal place of business in New York, New York and transacts business in Illinois.

5. Defendant Rex Express is a corporation organized and domiciled in the State of Illinois at all relevant dates and times with its principal place of business in Illinois.

6. Defendant Pinoy Trucking, Inc. ("Pinoy Trucking") is a corporation organized and domiciled in the State of Illinois at all relevant dates and times with its principal place of business in Illinois.

7. Defendant Montesa Express, Inc. ("Montesa Express") is a corporation organized and domiciled in the State of Illinois at all relevant dates and times with its principal place of business in Illinois.

8. Defendant Tennessee Commercial Warehouse, Inc. ("TCW") is a corporation domiciled in the State of Tennessee at all relevant dates and times with its principal place of business in Tennessee.

9. Defendant Rex Montesa is a resident, and is domiciled in the State of Illinois.

10. Defendant Nolasco Montesa is a resident, and is domiciled in the State of Illinois.

11. Defendant Lee Gunter, as the personal representative of the Estate of Anthony Dunn, is a resident, and is domiciled in the State of Illinois.

12. Defendants Timothy and Karri Gruver are domiciled in Scottsdale, Arizona and are married to each other.

13. Defendant State Farm Mutual Insurance Company ("State Farm") is a corporation organized and domiciled in the State of Illinois at all relevant dates and time with its principal place of business in Illinois.

14. Hudson seeks no relief against the Gruvers. They are joined herein only because they have a potential interest in the outcome of this action and are "required parties" under FRCP 19.

## GENERAL ALLEGATIONS

15. Hudson issued to Rex Express policy number BUI-009493-00 for the policy period of August 14, 2019 to August 14, 2020 (the "Policy") attached hereto as Exhibit A.

16. On or about January 21, 2021, Rex Express tendered to Hudson a claim made by Defendant Timothy Gruver against Rex Express relating to a car accident which took place on August 23, 2019 between an SUV driven by Defendant Tim Gruver and a tractor truck.

17. On or about February 3, 2021, Hudson issued a coverage position letter to Rex Express, attached hereto as Exhibit B.

18. On or about August 2, 2021, the Gruvers filed their First Amended Complaint in the lawsuit captioned *Gruver v. Montesa Express, Inc., et al.*, Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois (the "Underlying Action Complaint"), attached hereto as Exhibit C.

19. On or about September 2, 2021, Hudson issued a supplemental coverage position letter to Rex Express and Rex Montesa with respect to the Underlying Action, attached hereto as Exhibit D.

3

20. In the Underlying Action Complaint, the Gruvers allege that they are bringing the action against the Defendants for injuries arising from a tractor-trailer wreck on August 23, 2019 resulting in alleged injuries to the Gruvers. The Gruvers allege that Nolasco Montesa owns and operates Montesa Express, Inc. and/or Pinoy Trucking, Inc. and/or Rex Express Inc. The Gruvers allege that Rex Montesa owns and operates Rex Express, Inc. and owned and/or operated the tractor truck at the time of the wreck, were in joint enterprise, and employed Anthony Dunn ("Dunn") to drive the tractor truck. Plaintiffs allege that TCW owned the trailer at the time of the wreck. According to the Underlying Action Complaint, Dunn drove the tractor truck on behalf of one or more of the Defendants and was the agent of one or more of the Defendants.

21. In the Underlying Action Complaint, the Gruvers also allege that the owner of the tractor truck operated by Dunn was Montesa Express or alternatively, Pinoy Trucking or alternatively, Rex Express. Further, the Gruvers allege that at the time of the wreck, Montesa Express did not have an active Department of Transportation ("DOT") number and consequently, Montesa Express was illegally operating as a for-hire motor carrier transporting property in interstate commerce. The Gruvers allege that Dunn was an employee and/or agent of Montesa Express or alternatively, Pinoy Trucking and/or alternatively, Rex Express at the time of the wreck. The Gruvers allege that on August 23, 2019, Dunn was driving a tractor which was pulling a trailer owned by TCW. On the day of the accident, visible signs and barriers were allegedly posted, alerting drivers to road construction ahead on the highway. According to the Underlying Action Complaint, Dunn failed to keep a proper lookout as he approached the well-labeled construction zone. Dunn failed to timely stop and the tractor-trailer rear ended one vehicle directly in front of it, then swerved into another lane violently smashing directly into the

driver of a stopped SUV.  Defendant Timothy Gruver was in the SUV.  Upon impact, Gruver was forced to leave the northbound lane, propel the SUV off the road and into a ditch.  With respect to Rex Express, Montesa Express, Pinoy Trucking and TCW, the Gruvers claim that these defendants violated the Federal Motor Carrier Safety Regulations ("FMCSR") which is negligence per se.  The Gruvers also claim that Rex Express, Montesa Express, Pinoy Trucking and TCW were negligent in their hiring/contracting, training, supervision, retaining, and entrusting of Dunn and in failing to conduct proper and required checks on the background of their employee.  With respect to Rex Montesa and Nolasco Montesa, the Gruvers claim that they aided, abetted, encouraged or required one or more of the Defendants to violate the FMCSR.  Further, the Gruvers allege that Rex Montesa and Nolasco Montesa failed to ensure their corporations had proper safety standards.  The Gruvers claim Rex Montesa and Nolasco Montesa were negligent or grossly negligent.  With respect to Dunn, the Gruvers allege that he failed to exercise due care by failing to perform a pre-trip inspection and by driving carelessly and recklessly.  The Gruvers allege that Dunn was driving in the course and scope of the business of Rex Express, Montesa Express, Pinoy Trucking and TCW.  In addition to negligence counts, the Gruvers assert a gross negligence count against all Defendants.

22.     Upon information and belief, Dunn passed away on March 2, 2021.

23.     On or about July 23, 2021, State Farm filed a lawsuit against Dunn, Montesa Express and Rex Express captioned *State Farm Mutual Automobile Insurance Company as subrogee of Diana L. Johnson, et. al. v. Dunn, et. al.*, Case No. 21 LM 40 in the Circuit Court of the 11th Judicial Circuit, Livingston County, Pontiac, Illinois (the "State Farm Action"), attached hereto as Exhibit E.  In the State Farm Action, State Farm alleges it insured the 2016 Ford Escape owned by Diana L. Johnson that was involved in the car accident which took place on

5

August 23, 2019.  According to the State Farm Action complaint, Linda Martin was a passenger in Johnson's automobile.  State Farm alleges that Dunn, Montesa Express and Rex Express were negligent and that their negligence resulted in the property damage and bodily injury to Johnson and Martin.  As a subrogee, State Farm seeks to recover against Dunn, Montesa Express and Rex Express the $43,751.50 which it paid out to Martin and Johnson under a policy issued to Johnson and the costs incurred to bring the State Farm Action.

24. An actual controversy presently exists between Hudson and all of the Defendants with the exception of the Gruvers arising out of Rex Express' request for insurance coverage.

## DECLARATORY JUDGMENT

25. The Policy contains the following Insuring Agreement:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.    Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense".  However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate.  Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

26. The Policy contains the following relevant definitions:

**SECTION VI – DEFINITIONS**

***

**B**.    "Auto" means:

    **1.**    A land motor vehicle, 'trailer' or semitrailer designed for travel on public roads; or

6

    **2.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. However, autos does not include 'mobile equipment'".

    However, "auto" does not include "mobile equipment".

**C.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these."

***

**G.**    "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage…"

27.    The Policy contains the following Who Is An Insured provision:

**1.**    **Who Is An Insured**

The following are "insureds":

a.    You for any covered "auto".

b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1)    The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

***

e.    Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

28.    The Policy identifies three types of covered "autos" with respect to liability coverage:

- Symbol **67**: Specifically Described "Autos" – Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

- Symbol **68**: Hired "Autos" Only – Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households.

7

- Symbol **71**: Non-owned "Autos" Only – Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

29. The tractor truck at issue in the Underlying Action is not a specifically described "auto" pursuant to Symbol 67.

30. Upon information and belief, Dunn was employed by Pinoy Trucking, Inc. at the time of the accident at issue in the Underlying Action.

31. Upon information and belief, the tractor truck at issue in the Underlying Action was owned by Pinoy Trucking, not Rex Express or Rex Montesa.

32. Upon information and belief, Rex Express did not "lease, hire, rent or borrow" the tractor truck involved in the Underlying Action. Accordingly, the tractor truck is not a covered "auto" pursuant to Symbol 68 of the Policy.

33. Upon information and belief, Rex Express did not use the tractor truck at issue in the Underlying Action in connection with its business. Accordingly, the tractor truck is not a covered "auto" pursuant to Symbol 71 of the Policy.

34. Since the tractor truck does not fall within Symbols 68, 69 or 71 of the Policy, the tractor truck is not a covered "auto" under the Policy.

35. Since the injuries alleged in the Underlying Action did not arise from an accident involving a covered "auto", there is no coverage under the Policy for the Underlying Action.

36. The Policy contains the following relevant exclusion:

**PUNITIVE DAMAGE EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**COMMERCIAL INLAND MARINE COVERAGE PART**

8

7698403.1

**BUSINESS AUTO COVERAGE FORM**

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

| |
|---|
| Named Insured: Rex Express Inc. |
| Endorsement Effective date: 8/14/2019 |

Coverage is amended as described below:

This policy does not cover fines, penalties, damages multiplied by operation of law, or punitive or exemplary damages. This exclusion applies regardless of whether the damages are based upon the insured's conduct or the conduct of some other party for whom the insured may be legally responsible.

If the exclusion of punitive or exemplary damages is not permitted by the law of the state in which a claim for punitive or exemplary damages is brought, then this exclusion shall limit those damages to the extent permitted by law. In no event shall the total of compensatory and punitive or exemplary damages be payable in excess of the limit of coverage provided herein.

37.     In the Underlying Action, Plaintiffs Timothy and Karri Gruver allege gross negligence and seek an award of punitive damages against Rex Express and Rex Montesa. Based upon the Punitive Damage Exclusion in the Policy, the punitive damages sought in the Underlying Action are excluded under the Policy.

38.     The Policy contains the following relevant condition to coverage:

**SECTION V – MOTOR CARRIER CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

* * *

   **2.     Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties

   a.     In the event of "accident", claim, "suit" or "loss", you must give us our authorized representative prompt notice of the "accident" or "loss". Include:

9

    (1) How, when and where the "accident" or "loss" occurred;

    (2) The "insured's" name and address; and

    (3) To the extent possible, the names and addresses of any injured persons and witnesses.

  b. Additionally, you and any other involved "insured" must:

    (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

    (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

    (4) Authorize us to obtain medical records or other pertinent information.

    (5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

39. The accident at issue in the Underlying Action took place on August 23, 2019. Upon information and belief, Rex Express and Rex Montesa knew about this accident on or shortly after it occurred. Hudson did not receive notice of the accident until January 21, 2021. This notice was not "prompt" pursuant to the Duties in the Event of Accident, Claim, Suit or Loss Condition cited above. Accordingly, Rex Express and Rex Montesa did not comply with a condition precedent to coverage.

WHEREFORE, Plaintiff Hudson Insurance Company respectfully requests that this Court enter a judgment finding and declaring as follows:

  (a) That Hudson Insurance Company policy number BUI-009493-00 does not provide coverage for Rex Express, Rex Montesa, Pinoy Trucking, Montesa Express, TCW, Nolasco Montesa, Lee Gunter, as the personal representative of the Estate of Anthony Dunn or State Farm with respect to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(b) That Hudson Insurance Company does not have a duty to defend Rex Express, Rex Montesa, Pinoy Trucking, Montesa Express, TCW, Nolasco Montesa, Lee Gunter, as the personal representative of the Estate of Anthony Dunn or State Farm with respect to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(c) That Hudson Insurance Company does not have a duty to indemnify Rex Express, Rex Montesa, Pinoy Trucking, Montesa Express, TCW, Nolasco Montesa, Lee Gunter, as the personal representative of the Estate of Anthony Dunn or State Farm with respect to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(d) That all Defendants are enjoined from seeking to recover under Hudson Insurance Company policy number BUI-009493-00 with respect to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(e) That Hudson Insurance Company be awarded its costs incurred in this action; and

(f) That the Court enter such further declarations and award such further relief as it deems necessary and appropriate.

*/s/ Colleen A. Beverly*
COLLEEN A. BEVERLY
ARDC No. 6269463

COLLEEN A. BEVERLY (ARDC No. 6269463)
CLAUSEN MILLER PC
10 South LaSalle Street, 16th Floor
Chicago, IL 60603-1098
Phone:   (312) 855-1010
Fax:     (312) 606-7777
Email:   cbeverly@clausen.com
*Attorneys for Plaintiff Hudson Insurance Company*