IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HUDSON INSURANCE COMPANY, a Delaware corporation, <br><br>  Plaintiff, <br><br> v. <br><br> REX EXPRESS, INC., an Illinois corporation, PINOY TRUCKING, INC., an Illinois corporation, MONTESA EXPRESS, INC., an Illinois corporation, TENNESSEE COMMERCIAL WAREHOUSE, INC., a Tennessee corporation, LEE GUNTER as the personal representative of the ESTATE of ANTHONY DUNN, REX MONTESA, NOLASCO MONTESA, TIMOTHY GRUVER, KARRI GRUVER, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY <br><br>  Defendants. | No. 1:22-cv-01019-JBM-KLM |

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff Hudson Insurance Company ("Plaintiff") by and through its counsel CLAUSEN MILLER P.C., and pursuant to Federal Rule of Civil Procedure 55(b), moves this Honorable Court for entry of default judgment against Defendants Rex Express, Inc., Pinoy Trucking, Inc., Montesa Express, Inc., Lee Gunther, Rex Montesa, Nolasco Montesa and State Farm Mutual Automobile Insurance Company (collectively the "Non-Responsive Defendants"). In support of its motion, Hudson states as follows:

**INTRODUCTION**

This is an insurance coverage declaratory judgment action brought pursuant to 28 U.S.C. §2201 et seq. In the Complaint, Hudson seeks a declaration that it does not have a duty to defend or indemnify any of the named defendants including the Non-Responsive Defendants with respect

1

8520549.1

to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois (the "Underlying Action Complaint"). Hudson also seeks a declaration that the Non-Responsive Defendants are enjoined from seeking to recover under Hudson policy number BUI-009493-00 with respect to the Underlying Action. The dispositive issues raised in the pleadings are straight forward issues, specifically, whether the tractor truck at issue in the Underlying Action is a covered "auto" as defined by the Policy, whether any of the Non-Responsive Defendants constitute "insureds" under the Policy, whether Rex Express complied with a condition precedent of the Policy when it provided notice of the accident at issue in the Underlying Action almost a year and a half after the accident occurred and a declaration that the Policy does not cover punitive damages.

Hudson agreed to defend Rex Express Inc. ("Rex Express") and Rex Montesa in the Underlying Action and then filed this declaratory judgment action to obtain a judgment on the issues discussed above. Hudson intended to conduct limited discovery to confirm that Rex Express did not own or use the tractor truck at issue in the Underlying Action and to confirm that the driver did not work for Rex Express. Hudson served the Non-Responsive Defendants not once but twice and they still refused to answer the Complaint. The Non-Responsive Defendants' refusal to answer the Complaint has left Hudson no choice but to seek a default judgment. Hudson is entitled to the information in this action and is entitled to a judgment given the Non-Responsive Defendants' egregious disregard for this litigation. Hudson has been prejudiced by the Non-Responsive Defendants' inaction and refusal to provide the requisite information sought by Hudson. Accordingly, Hudson's motion for default judgment should be granted.

8520549.1

**FACTUAL BACKGROUND**

A.   **The Underlying Action**

On or about August 2, 2021, Timothy and Karrie Gruver (the "Gruvers") filed their First Amended Complaint in the Underlying Action attached hereto as Exhibit A. In the Underlying Action Complaint, the Gruvers allege that they are bringing the action against the Defendants for injuries arising from a tractor-trailer wreck on August 23, 2019 resulting in alleged injuries to the Gruvers. The Gruvers allege that Nolasco Montesa owns and operates Montesa Express, Inc. and/or Pinoy Trucking, Inc. and/or Rex Express. The Gruvers allege that Rex Montesa owns and operates Rex Express and owned and/or operated the tractor truck at the time of the wreck, were in joint enterprise, and employed Anthony Dunn ("Dunn") to drive the tractor truck. Plaintiffs allege that TCW owned the trailer at the time of the wreck. According to the Underlying Action Complaint, Dunn drove the tractor truck on behalf of one or more of the Defendants and was the agent of one or more of the Defendants.

The Gruvers also allege that the owner of the tractor truck operated by Dunn was Montesa Express or alternatively, Pinoy Trucking or alternatively, Rex Express. Further, the Gruvers allege that at the time of the wreck, Montesa Express did not have an active Department of Transportation ("DOT") number and consequently, Montesa Express was illegally operating as a for-hire motor carrier transporting property in interstate commerce. The Gruvers allege that Dunn was an employee and/or agent of Montesa Express or alternatively, Pinoy Trucking and/or alternatively, Rex Express at the time of the wreck. The Gruvers allege that on August 23, 2019, Dunn was driving a tractor which was pulling a trailer owned by TCW. On the day of the accident, visible signs and barriers were allegedly posted, alerting drivers to road construction ahead on the highway. According to the Underlying Action Complaint, Dunn failed to keep a proper lookout

3

as he approached the well-labeled construction zone. Dunn failed to timely stop and the tractor-trailer rear ended one vehicle directly in front of it, then swerved into another lane violently smashing directly into the driver of a stopped SUV. Defendant Timothy Gruver was in the SUV. Upon impact, Gruver was forced to leave the northbound lane, propel the SUV off the road and into a ditch. With respect to Rex Express, Montesa Express, Pinoy Trucking and TCW, the Gruvers claim that these defendants violated the Federal Motor Carrier Safety Regulations ("FMCSR") which is negligence per se. The Gruvers also claim that Rex Express, Montesa Express, Pinoy Trucking and TCW were negligent in their hiring/contracting, training, supervision, retaining, and entrusting of Dunn and in failing to conduct proper and required checks on the background of their employee. With respect to Rex Montesa and Nolasco Montesa, the Gruvers claim that they aided, abetted, encouraged or required one or more of the Defendants to violate the FMCSR. Further, the Gruvers allege that Rex Montesa and Nolasco Montesa failed to ensure their corporations had proper safety standards. The Gruvers claim Rex Montesa and Nolasco Montesa were negligent or grossly negligent. With respect to Dunn, the Gruvers allege that he failed to exercise due care by failing to perform a pre-trip inspection and by driving carelessly and recklessly. The Gruvers allege that Dunn was driving in the course and scope of the business of Rex Express, Montesa Express, Pinoy Trucking and TCW. In addition to negligence counts, the Gruvers assert a gross negligence count against all Defendants.

**B.    The State Farm Action**

On or about July 23, 2021, State Farm filed a lawsuit against Dunn, Montesa Express and Rex Express captioned *State Farm Mutual Automobile Insurance Company as subrogee of Diana L. Johnson, et. al. v. Dunn, et. al.*, Case No. 21 LM 40 in the Circuit Court of the 11th Judicial Circuit, Livingston County, Pontiac, Illinois (the "State Farm Action"), attached hereto as Exhibit

B. In the State Farm Action, State Farm alleges it insured the 2016 Ford Escape owned by Diana L. Johnson that was involved in the car accident which took place on August 23, 2019. According to the State Farm Action complaint, Linda Martin was a passenger in Johnson's automobile. State Farm alleges that Dunn, Montesa Express and Rex Express were negligent and that their negligence resulted in the property damage and bodily injury to Johnson and Martin. As a subrogee, State Farm seeks to recover against Dunn, Montesa Express and Rex Express the $43,751.50 which it paid out to Martin and Johnson under a policy issued to Johnson and the costs incurred to bring the State Farm Action.

C. **The Policy**

Hudson issued to Rex Express policy number BUI-009493-00 for the policy period of August 14, 2019 to August 14, 2020 (the "Policy") attached hereto as Exhibit C.

The Policy contains the following Insuring Agreement:

> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
>
> A. **Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
>
> See Ex. C at CA 00 20 10 13.

The Policy contains the following relevant definitions:

> **SECTION VI – DEFINITIONS**
>
> ***

5

  B.  "Auto" means:

    1.  A land motor vehicle, 'trailer' or semitrailer designed for travel on public roads; or

    2.  Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.  However, autos does not include 'mobile equipment'".

    However, "auto" does not include "mobile equipment".

  C.  "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these."

***

  G.  "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage…"

See *Id*.

The Policy contains the following Who Is An Insured provision:

  **1.**  **Who Is An Insured**

    The following are "insureds":

    a.  You for any covered "auto".

    b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1)  The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

***

    e.  Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

See *Id*.

The Policy identifies three types of covered "autos" with respect to liability coverage:

- Symbol **67**: Specifically Described "Autos" – Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos

6

- Symbol **68**: Hired "Autos" Only – Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households.

- Symbol **71**: Non-owned "Autos" Only – Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

See *Id*. at CA 00 20 10 13 and CA BUI 00 21 01 14

The Policy contains the following relevant exclusion:

**PUNITIVE DAMAGE EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**COMMERCIAL INLAND MARINE COVERAGE PART**

**BUSINESS AUTO COVERAGE FORM**

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

| Named Insured: Rex Express Inc. |
|---|
| Endorsement Effective date: 8/14/2019 |

Coverage is amended as described below:

This policy does not cover fines, penalties, damages multiplied by operation of law, or punitive or exemplary damages. This exclusion applies regardless of whether the damages are based upon the insured's conduct or the conduct of some other party for whom the insured may be legally responsible.

8520549.1

If the exclusion of punitive or exemplary damages is not permitted by the law of the state in which a claim for punitive or exemplary damages is brought, then this exclusion shall limit those damages to the extent permitted by law. In no event shall the total of compensatory and punitive or exemplary damages be payable in excess of the limit of coverage provided herein.

Ex. C at IL BUI 10 10 01 14.

The Policy contains the following relevant condition to coverage:

**SECTION V – MOTOR CARRIER CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

* * *

    **2.**    **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties

    a.    In the event of "accident", claim, "suit" or "loss", you must give us our authorized representative prompt notice of the "accident" or "loss". Include:

        (1)    How, when and where the "accident" or "loss" occurred;

        (2)    The "insured's" name and address; and

        (3)    To the extent possible, the names and addresses of any injured persons and witnesses.

    b.    Additionally, you and any other involved "insured" must:

        (1)    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

        (2)    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

        (4)    Authorize us to obtain medical records or other pertinent information.

        (5)    Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

See Ex. C at CA 00 20 10 13.

## STANDARD

In determining whether to enter a default judgment, courts consider "[t]he amount of money potentially involved, the presence or absence of disputed factual issues or issues of public importance, whether the default was largely technical, whether the plaintiff was substantially prejudiced by the delay, and whether the grounds for default are clearly established…" *Am. Nat'l Bank & Trust Co. of Chi. v. Alps Elec. Co.*, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002).

## ARGUMENT

**A.     The Underlying Action Did Not Involve a "Covered Auto".**

The Policy identifies three types of covered "autos" with respect to liability coverage:

- Symbol **67**: Specifically Described "Autos" – Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

- Symbol **68**: Hired "Autos" Only – Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households.

- Symbol **71**: Non-owned "Autos" Only – Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

See Ex. C at CA 00 20 10 13.

### 1.     *The Tractor Trailer is Not a Specifically Described Auto.*

The tractor truck at issue in the Underlying Action is not described it Item Three of the Policy's Declarations. See Ex. C at CA BUI 00 21 01 14. Accordingly, it does not constitute a "Specifically Described Auto" under Symbol 67 of the Policy.

9

8520549.1

      2.      *Upon Information and Belief, The Tractor Trailer Was Not Leased, Hired, Rented or Borrowed by Rex Express.*

"You" in the Policy refers to the Named Insured. See Ex. C. at CA 00 20 10 13. Rex Express Inc. is the named insured. Rex Express has provided no evidence to Hudson indicating that it leased, hired, rented or borrowed the tractor trailer at issue in the Underlying Action. In fact, Hudson brought this declaratory judgment action against Rex Express so that Rex Express would be forced to cooperate with Hudson and yet, Rex Express failed to even respond to the complaint. It is Hudson's belief that at the time of the accident the driver Anthony Dunn was not a driver of Rex Express, but was employed by Pinoy Trucking. Further, the Illinois Traffic Crash Report indicates that tractor trailer was owned by Montesa Express, Inc. See August 23, 2019 Illinois Traffic Crash Report attached hereto as Exhibit D. It is Hudson's belief that Pinoy Trucking purchased and registered the tractor trailer on or near August 10, 2019 from Montesa, Express, Inc. It was Hudson's intent to confirm this through the course of discovery and yet, Hudson cannot do so since the Non-Responsive Defendants fail to participate in this litigation.

      3.      *Upon Information and Belief, the Tractor Trailer Was Not Used in the Connection With Rex Express' Business.*

Upon information and belief, Pinoy Trucking owned the tractor trailer at the time of the accident at issue in the Underlying Action. Further, upon information and belief, the driver Arthur Dunn was employed by Pinoy Trucking at the time of the accident. Hudson brought this declaratory judgment action to confirm these facts in the course of discovery. Yet, the Non-Responsive Defendants refuse to participate in this litigation. Accordingly, Hudson should be granted default judgment against the Non-Responsive Defendants.

8520549.1

**B.     None of the Non-Responsive Defendants Constitute Insureds Under the Policy.**

In addition to Rex Express, the following also constitute insureds under the Policy - "anyone else while using with your permission a covered "auto" you own, hire or borrow except…[t]he owner or any 'employee', agent or driver of the owner, or anyone else from whom you hire or borrow a covered 'auto'".  As stated above, it is Hudson's belief that the driver was employed by Pinoy Trucking at the time of the accident and that the truck was owned by Pinoy Trucking.  The exclusion above includes the owner of the vehicles and drivers.  Accordingly, neither Pinoy Trucking or Dunn could be insureds under the Policy.  The remaining Non-Responsive Defendants are also not insureds under the Policy because there are no fact indicating that they were using a covered "auto" owned, hired or borrowed by Rex Express.  The Non-Responsive Defendants' refusal to participate in this litigation has hindered Hudson's ability to confirm these facts.  Accordingly, Hudson should be granted default judgment against the Non-Responsive Defendants.

**C.     Rex Express Did Not Provide Timely Notice to Hudson.**

The accident at issue in the Underlying Action took place on August 23, 2019.  Upon information and belief, Rex Express and Rex Montesa knew about this accident on or shortly after it occurred.  Hudson did not receive notice of the accident until January 21, 2021.  This notice was not "prompt" pursuant to the Duties in the Event of Accident, Claim, Suit or Loss Condition cited above.  Accordingly, Rex Express and Rex Montesa did not comply with a condition precedent to coverage and default judgment should be granted against Rex Express and Rex Montesa for untimely notice.

**D.    The Policy Does Not Provide Coverage for Punitive Damages.**

In the Underlying Action, Plaintiffs Timothy and Karri Gruver allege gross negligence and seek an award of punitive damages against Rex Express and Rex Montesa. Based upon the Punitive Damage Exclusion in the Policy, any punitive damages awarded against the Non-Responsive Defendants are excluded under the Policy.

## CONCLUSION

For the reasons discussed herein, Hudson is entitled to default judgment against the Non-Responsive Defendants.

WHEREFORE, Hudson Insurance Company respectfully requests that this Court enter a default judgment against Defendants Rex Express, Inc., Pinoy Trucking, Inc., Montesa Express, Inc., Lee Gunther, Rex Montesa, Nolasco Montesa and State Farm Mutual Automobile Insurance Company finding and declaring as follows:

(a) That Hudson Insurance Company policy number BUI-009493-00 does not provide coverage for Rex Express, Rex Montesa, Pinoy Trucking, Montesa Express, TCW, Nolasco Montesa, Lee Gunter, as the personal representative of the Estate of Anthony Dunn or State Farm with respect to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(b) That Hudson Insurance Company does not have a duty to defend Rex Express, Rex Montesa, Pinoy Trucking, Montesa Express, TCW, Nolasco Montesa, Lee Gunter, as the personal representative of the Estate of Anthony Dunn or State Farm with respect to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(c) That Hudson Insurance Company does not have a duty to indemnify Rex Express, Rex Montesa, Pinoy Trucking, Montesa Express, TCW, Nolasco Montesa, Lee Gunter, as the personal representative of the Estate of Anthony Dunn or State Farm with respect to the action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(d) That all Defendants are enjoined from seeking to recover under Hudson Insurance Company policy number BUI-009493-00 with respect to the

        action bearing Case No. 1:21-cv-01210-JBM-JEH pending in the United States District Court for the Central District of Illinois;

(e)     That Hudson Insurance Company be awarded its costs incurred in this action; and

(f)     That the Court enter such further declarations and award such further relief as it deems necessary and appropriate.

        Respectfully submitted,

        */s/ Colleen A. Beverly*
        COLLEEN A. BEVERLY
        ARDC No. 6269463

COLLEEN A. BEVERLY (ARDC No. 6269463)
CLAUSEN MILLER PC
10 South LaSalle Street
Chicago, IL 60603-1098
Phone:   (312) 855-1010
Fax:     (312) 606-7777
Email:   cbeverly@clausen.com
*Attorneys for Plaintiff Hudson Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2022, I electronically filed the foregoing Motion for Default Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>William P. Ryan
>Matthew C. Koch
>Marwedel, Minichello & Reeb, P.C.
>303 W. Madison Street, Suite 1100
>(312) 902-1600
>bryan@mmr-law.com
>mkoch@mmr-law.com

I further certify that I have mailed by certified mail through the United States Postal Service the Motion for Default Judgment to the following non CM/ECF participants:

| | |
|---|---|
| Rex Express, Inc.<br>c/o Rex Montesa<br>Registered Agent<br>3206 Old Castle Road<br>Joliet, IL 60431 | Pinoy Trucking, Inc.<br>c/o Nolasco Montesa<br>President<br>16520 Driftwood Drive<br>Plainfield, IL 60586 |
| Montesa Express, Inc.<br>c/o Maria Gloria Diokno<br>13606 Golden Meadow Drive<br>Plainfield, IL 60544 | Lee Gunter, as the personal representative of the Estate of Anthony Dunn<br>58 N. Chicago Street, Suite 303<br>Joliet, IL 60432 |
| State Farm Mutual Insurance Company<br>c/o CSC<br>Registered Agent<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703 | Rex Montesa<br>3206 Old Castle Road<br>Joliet, IL 60431 |
| Nolasco Montesa<br>16520 Driftwood Drive<br>Plainfield, IL 60586 | Karri Gruver<br>9961 E. Quarry Trail<br>Scottsdale, AZ 85262 |
| Timothy Gruver<br>9961 E. Quarry Trail<br>Scottsdale, AZ 85262 | |

>*/s/ Colleen A. Beverly*
>COLLEEN A. BEVERLY
>ARDC No. 6269463

14

8520549.1